UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRYSON LEVI KNOBELOCH,<br><br>    Defendant. | Case No. 18-cv-40062-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on an affidavit filed by defendant Bryson Levi Knobeloch (Doc. 47).

*Potential § 2255 Motion*

In parts of her affidavit, Knobeloch complains of her counsel's performance in this criminal case where Knobeloch pled guilty in May 2019 and was sentenced in September 2019. This is the type of complaint ordinarily entertained in a motion filed under 28 U.S.C. § 2255. However, the Court is hesitant to construe this as a § 2255 motion without a clear indication that Knobeloch intends to invoke that statute. "[T]he court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

Accordingly, the Court **WARNS** Knobeloch that if she does not file a motion to withdraw this aspect of her affidavit on or before December 23, 2021, the Court will construe it to include a request for relief under § 2255 and Knobeloch will then be subject to the second or

successive filing restrictions contained in 28 U.S.C. § 2255(h).  The Court would then open a new § 2255 case and give her an opportunity to amend her § 2255 motion to plead her claim in more detail.  The Court advises Knobeloch, however, that a § 2255 motion based on this affidavit is likely to be dismissed as filed beyond the one-year deadline set forth in § 2255(f). Knobeloch should review that statutory provision before deciding whether to proceed under § 2255 or withdraw this aspect of her affidavit.

*Conditions of Confinement*

In other parts of her affidavit, Knobeloch complains of her current conditions of confinement in the United States Penitentiary in Tucson, Arizona, involving inadequate medical care, safety concerns, and lack of access to the courts.  Thus, her affidavit could be construed to include a civil action under 42 U.S.C. § 1983.  *See Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007) ("judges must respect the plaintiff's choice of statute to invoke-whether § 2241, § 2255, or 42 U.S.C. § 1983–and give the action the treatment appropriate under that law").  If Knobeloch wishes her affidavit to be construed as a complaint under § 1983 based on her conditions of confinement, she must notify the Court by December 23, 2021, that she wishes to start such a new lawsuit.  The Court will then open a new case in this district and give her leave to amend her complaint.  If she does not notify the Court she wishes to proceed with a § 1983 action, the Court will take no further action on those parts of her affidavit.

The Court advises Knobeloch that venue for such a suit is not likely to be proper in this district if it is about events in Arizona, so any such case brought here would likely be transferred to the United States District Court for the District of Arizona.  That court is the proper venue to consider Knobeloch's claims about her current conditions of confinement.  If Knobeloch requires immediate relief for unconstitutional conditions of confinement or sexual assault, she may also

consider filing a motion for a temporary restraining order or for a preliminary injunction under Federal Rule of Civil Procedure 65 in any existing federal civil suit that focuses on those conditions or filing a new lawsuit in United States District Court for the District of Arizona after exhausting her administrative remedies.

*Sexually Abusive Behavior*

To the extent Knobeloch complains of rape, other sexual assault, and sexual harassment by other inmates and prison staff, the Court points her to the USP-Tucson Inmate Admission and Orientation Handbook, to which is attached the Bureau of Prisons manual entitled Sexually Abusive Behavior Prevention and Intervention.  That manual gives guidance to inmates suffering sexually abusive behavior and provides eight points of contact to report such conduct.  The Court **DIRECTS** the Clerk of Court to send Knobeloch a copy of that manual along with this order.

**IT IS SO ORDERED.**
**DATED:  December 3, 2021**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**