UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRYSON LEVI KNOBELOCH,<br><br>    Defendant. | Case No. 18-cr-40062-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Bryson Levi Knobeloch's motion for copies of certain documents concerning her case—court transcripts, indictment, plea agreement, change of plea, sentencing report—as well as the Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure (Doc. 52).

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that she has exhausted *all* other means of access to her files (*i.e.*, through her trial and appellate counsel), (2) that she is financially unable to secure access to her court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Knobeloch has not shown that she has exhausted all avenues for obtaining copies of documents from her criminal file from her trial counsel, that she is unable to pay for the documents she seeks, or that she needs them for a specific non-frivolous action.

To the extent she requests transcripts of the proceedings, those proceedings have not been transcribed. A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that she is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous). Again, Knobeloch has not satisfied these requirements.

To the extent Knobeloch requests copies of federal rules of procedure, she may access them at the law library in her institution, which has an obligation to make adequate legal materials available to inmates. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977).

For these reasons, the Court **DENIES** her motion for copies (Doc. 52). The Court further notes that the Clerk's Office has filed as a motion (Doc. 53) a copy of a letter Knobeloch sent to her counsel. Since this is not a *bona fide* motion, the Court **DIRECTS** the Clerk of Court to terminate it.

**IT IS SO ORDERED.**
**DATED:  May 27, 2022**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**