IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRYSON LEVI KNOBELOCH,<br><br>    Defendant. | Case No. 18-cr-40062-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Bryson Levi Knobeloch's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 59).  Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 64).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 65).  The defendant did not respond to counsel's motion to withdraw, although she was given an opportunity to do so.

The defendant pled guilty to one count of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), which carried a 10-year mandatory minimum sentence.  At sentencing, the Court found that the defendant's total offense level was 27.  In addition, she had accumulated 10 criminal history points, two of which were assessed because she committed her offense while she was under a criminal sentence ("status points"), so her criminal history category was V.  These findings led to a guideline sentencing range of 120 to 150 months.  The Court sentenced her to serve 120 months in prison, the statutory mandatory minimum.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower her sentence. Subchapter 1, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[1] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 821 did not lower the defendant's guideline sentencing range. It is true that it reduced the defendant's criminal history points from 10 to 9 and her criminal history category from V to IV, but it did not lower her sentencing range. On the contrary, her statutory minimum sentence

---

[1] Subchapter 1, Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because she was assessed criminal history points.

2

prevented her original guideline range of 120 to 150 months from dipping below 120 months. Even with a criminal history category of IV instead of V, her sentencing range would have been 120 to 125 months because of U.S.S.G. § 5G1.1(c)(2).

Furthermore, the defendant does not satisfy the second criterion because allowing a reduction would be inconsistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2023).

██████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████

█████████████████████  ███████████████████████

███████████████████████████████████████

█████████████████████████  ███████████████████

████████████████████████████████ a reduction of the defendant's sentence to below 120 months is not consistent with the applicable U.S.S.G. policy statement.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 64) and **DENIES** Knobeloch's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 59).  Counsel Patrick S. Kilgore is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   June 20, 2024**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **U.S. DISTRICT JUDGE**